IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN &
FOR DUVAL COUNTY, FLORIDA

IKHLAS SALAMEH, LLC

    Plaintiff,

vs.

NATIONWIDE INSURANCE COMPANY OF AMERICA

    Defendant.

_____/

CASE NO.:
DIVISION:

## COMPLAINT

COMES NOW the Plaintiff, IKHLAS SALAMEH, LLC, (hereinafter "PLAINTIFF"), by and through undersigned counsel, and sues NATIONWIDE INSURANCE COMPANY OF AMERICA (hereinafter "DEFENDANT"), and alleges as follows:

### COMMON ALLEGATIONS

1. This is an action for damages which exceeds Thirty Thousand Dollars ($30,000.00), exclusive of attorney's fees and costs.

2. At all times material hereto, DEFENDANT was licensed to sell homeowner's insurance policies in the State of Florida.

3. Venue is proper in Duval County as all acts or omissions complained of herein occurred in Duval County.

4. PLAINTIFF is a Florida Corporation with a principal address of 2953 Phillips HWY, Jacksonville, FL 32207.

5. PLAINTIFF is insured for a property in located in Duval County at 2953 Phillips HWY, Jacksonville, FL 32207 (hereinafter "THE PROPERTY.")

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 09/02/2022 12:15:11 PM

6. PLAINTIFF purchased an insurance policy from DEFENDANT, which covered THE PROPERTY and its contents and has paid all premiums.

7. DEFENDANT issued Policy Number ending in 8457 to PLAINTIFF. (hereinafter "THE SUBJECT POLICY.") **(A copy of the policy was requested from Defendant and will be filed on the record once received)**

8. On or about February 6, 2020, THE PROPERTY incurred substantial damage due to storm activity.

9. PLAINTIFF filed claim number ending in 50-GM under THE SUBJECT POLICY due to the storm damage to THE PROPERTY.

10. Notwithstanding the foregoing, DEFENDANT has failed and/or refused to provide full coverage under the Policy for the damages to PLAINTIFF's property, and DEFENDANT has failed to pay the full amounts due and has thereby breached its contract of insurance.

11. PLAINTIFF has provided DEFENDANT with all requested documents and information needed for DEFENDANT to tender insurance benefits.

12. All conditions precedent to this action have been satisfied, have occurred, or have otherwise been waived.

**COUNT I:  BREACH OF CONTRACT**

13. PLAINTIFF re-alleges paragraphs one (1) through twelve (12) of the Common Allegations and incorporates them by reference into this Count.

14. THE SUBJECT POLICY between PLAINTIFF and DEFENDANT is a valid contract.

15. Under THE SUBJECT POLICY, DEFENDANT had a contractual duty to:

    a.   Pay in full PLAINTIFFS' valid claim on the storm damage to THE PROPERTY.

16. DEFENDANT breached its contractual duty by:

    a.   Failing to pay PLAINTIFF'S valid claim in full on the storm damage to THE PROPERTY, which constitutes a covered loss under the terms of THE SUBJECT POLICY.

17. PLAINTIFF has been damaged by DEFENDANT's breach, including but not limited to:

    a.   The costs to repair the damages to THE PROPERTY that are properly the responsibility of DEFENDANT under THE SUBJECT POLICY; and

    b.   The reasonable attorneys' fees and costs associated with bringing this action.

18. Pursuant to Section 627.428, Florida Statutes, PLAINTIFF is entitled to recover the reasonable attorneys' fees and costs they have incurred in bringing this action.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT for damages, attorneys' fees and costs, pre- and post-judgment interest, and for any other relief, equitable or otherwise, the Court deems just and proper, and demands a trial by jury on all issues so triable.

                     Respectfully submitted this **1st** day of **September 2022**,

                                 /s/Damian Hunt
                                 Damian B. Hunt, Esq., FBN: 1015324
                                 Jacklyn Bennett, Esq., FBN: 1007659
                                 **JB CONSTRUCTION LAW, P.A.**

        P.O. Box 351502
        Palm Coast, FL  32135
        Telephone:    (904) 853-7784
        E-MAIL:    jacklyn@jbconstructionlaw.com
                      damian@jbconstructionlaw.com